# Johnson v. Bache Halsey Stuart, Inc.

*Michael D. Buchwach*, for plaintiff.
*Michael J. Manzo*, for defendants.

WETTICK, *J.*, June 20, 1978—This opinion considers defendants' preliminary objections in the nature of a demurrer to a count within plaintiff's complaint alleging that defendants violated the registration requirements of the Pennsylvania Securities Act of December 5, 1972, P.L. 1280, 70 P.S. §1-101 et seq. (hereinafter referred to as the "Securities Act").[1] The issue raised by defendants' preliminary objections is whether an employe of a broker-dealer who gives financial advice to a customer in the course of effecting a transaction in securities must register as an investment adviser if the customer pays no extra compensation for the financial advice.

---

1. Part 5 of the Securities Act, 70 P.S. §1-501 et seq., provides for civil liabilities for violations of the act's registration requirements.

## I

According to the allegations within plaintiff's complaint, in June of 1975 plaintiff purchased through Michael Neft, in the course of his employment with Bache Halsey Stuart, Inc. as a stockbroker/investment adviser, a limited partnership interest in Patrick Oil and Gas Corporation for a price of $10,000, which limited partnership interest is a security within the meaning of section 1-102(t) of the Securities Act. During the course of this transaction, Michael Neft made representations regarding plaintiff's right to recoup the entire purchase price of the limited partnership interest in the event plaintiff redeemed the interest within one year from the date of purchase. These representations were false and plaintiff has instituted this action to recover $2,000, plus interest, which she lost by redeeming the interest within one year from the date of purchase.

In her complaint plaintiff, inter alia, seeks damages under part 5 of the Securities Act because Michael Neft was not registered as an investment adviser pursuant to section 1-301(c) of the Securities Act. Defendants have filed preliminary objections in the nature of a demurrer to this count of plaintiff's complaint on the grounds, inter alia, that Neft in the course of this transaction did not act as an investment adviser and, consequently, was not required to so register.

## II

The relevant portions of the Securities Act read as follows:

Section 301(c) of the Securities Act provides that "[i]t is unlawful for any person to transact business

in this State as an investment adviser unless he is so registered or registered as a broker-dealer . . . " 70 P.S. §1-301(c).[2]

The term "investment adviser" is defined in section 102(j) of the Securities Act as follows:

"(j) 'Investment adviser' means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as a part of a regular business, issues or promulgates analyses or reports concerning securities. 'Investment adviser' does not include:

" . . .

"(iii) A broker-dealer registered under this act without the imposition of the conditions referred to in section 305(b)(v)."[3] 70 P.S. §1-102(j) (footnote added).

The term "broker-dealer" is defined in §102(e) of the Securities Act as follows: "(e) 'Broker-dealer'

2. Section 301(a) similarly makes it generally "unlawful for any person to transact business in this State as a broker-dealer or agent unless he is registered under this act." 70 P.S. §1-301(a). Plaintiff does not claim any violation with respect to §301(a).

3. Section 305(b)(v) provides that when the Pennsylvania Securities Commission "finds that an applicant for initial or renewal registration as a broker-dealer is not qualified as an investment adviser, it may by order condition the applicant's registration as a broker-dealer upon his not transacting business in this State as an investment adviser." 70 P.S. §1-305(b)(v).

means any person engaged in the business of effecting transactions in securities for the account of others or for his own account. 'Broker-dealer' does not include: (i) An agent." 70 P.S. §1-102(e).

The term "agent" is defined in §102(c) of the Securities Act as follows:

"(c) 'Agent' means any individual, other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchases or sales of securities. . . . An . . . employe of a broker-dealer . . . is an agent only if he otherwise comes within this definition and receives compensation directly or indirectly related to purchases or sales of securities." 70 P.S. §1-102(c).

### III

On the date on which plaintiff purchased the security, Michael Neft was registered as an agent and Bache Halsey Stuart, Inc. as a broker-dealer with the Pennsylvania Securities Commission. While Michael Neft may have given advice to plaintiff in the course of effecting the transfer of the limited partnership interest, defendants received compensation solely for effecting this transaction. They received no additional compensation for providing advice as to the advisability of purchasing this security.[4]

A person must register as an investment adviser only if he or she provides advice "for compensation"

---

4. In plaintiff's brief, it is acknowledged that defendants received no "special compensation" for providing plaintiff with advice. We construe the allegations within plaintiff's complaint in this manner.

according to the Security Act's definition of investment adviser. Thus Michael Neft functioned as an investment adviser and was required to register as such to engage in the transaction which is the subject of this litigation only if he provided advice "for compensation" within the meaning of section 102(j) of the Securities Act. We hold that Michael Neft did not provide financial advice to plaintiff "for compensation" because defendants received compensation solely for effecting the purchase of the limited partnership interest.

A broker-dealer is a "person engaged in the business of effecting transactions in securities." An agent includes only an employe of a broker-dealer who "receives compensation directly or indirectly related to purchases or sales of securities." The Securities Act envisions that a person may be registered as an agent without also being registered as an investment adviser and that a person may be registered as a broker-dealer without being able to function as an investment adviser (section 1-305(b)(v)). In fact, section 1-305(b)(v) specifically provides that "an investment adviser is not necessarily qualified solely on the basis of experience as a broker-dealer or agent."

A broker-dealer and an agent, as defined by the Securities Act, effect transactions in securities. A person cannot effect transations in securities without advising others as to the advisability of investing in, purchasing or selling securities in the course of effecting a securities transaction. Thus the legislature could not have intended for the Securities Act to be construed to bar a broker-dealer or agent who is not also registered as an investment adviser from giving advice to customers in connection with the purchase and sale of securities.

For this reason, we construe the Securities Act to permit an agent, who is not also registered as an investment adviser, to provide advice to a customer in connection with effecting a transaction in securities provided that the only compensation for the transaction is related to the purchase or sale of the security. Consequently, we rule that Michael Neft was not required to register as an investment adviser in order to lawfully engage in the transaction which is the subject of this litigation.

### ORDER

And now, June 20, 1978, it is hereby ordered that defendants' preliminary objections in the nature of a demurrer to the count within plaintiff's complaint for recovery for Michael Neft's failure to register as an investment adviser pursuant to section 301(c) of the Pennsylvania Securities Act of 1972 is sustained. Defendants' preliminary objections in the nature of a motion for a more specific pleading are denied.